UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATIONAL ELECTRICAL BENEFIT FUND,
by its TRUSTEES, JON F. WALTERS and
D.R. BORDEN, JR.,
    Plaintiffs

vs.                                             C.A. No. 05-10969 NMG

UPPER CAPE ELECTRICAL, INC.,
    Defendant

and

CAPE COD BANK & TRUST COMPANY,
    Trustee

## AGREEMENT FOR JUDGMENT

NOW COMES the Plaintiff National Electrical Benefit Fund, by its Trustees ("NEBF"), and Defendant Upper Cape Electrical, Inc. ("Upper Cape"), and respectfully request this honorable Court to enter an order in accordance with the following Agreement for Judgment:

The Defendant acknowledges that it is indebted to the Plaintiffs in the amount of $41,101.63, which is composed of the following:

a.  Contribution balance due and unpaid for the period January, 2000 through February, 2004 of $14,969.32;

b.  Interest due on delinquent contributions in the amount of $10,050.61;

c.  Liquidated damages in the amount of $8,421.30;

d.  Attorneys' fees and costs in the amount of $4,912.36; and

e.  Audit fees in the amount of $2,748.04.

The parties agree that an abstract of judgment for the Plaintiff in the aforementioned amount of $41,101.63 is to be recorded, but that an execution shall not issue on the judgment so long as the Defendant fully complies with the following conditions:

1. The Defendant shall pay contributions, interest, ¼ of the total liquidated damages, attorneys' fees and costs, and audit fees owed the Plaintiffs, in the amount of $34,785.66.

2. The Defendant shall make installment payments of the amount listed in Paragraph 1 on the first of each month commencing April 1, 2006, and payments shall be made in amounts set forth on the Payment Schedule attached hereto as Appendix A, which is incorporated by reference. All payments made pursuant to the Payment Schedule shall be made by check payable to the "National Electrical Benefit Fund" by U.S. mail, first-class, postage prepaid, to the care of NEBF counsel Jennifer Hawkins, Esq., Potts-Dupre, Difede & Hawkins, Chtd., 900 7th Street, N.W., Suite 1020, Washington, DC 20001.

3. Once the above amount of $34,785.66 is paid in full, the Plaintiff will forego collection of ¾ of the owed liquidated damages, in the amount of $6,315.97, as prayed for in its Complaint.

4. Further, Upper Cape will keep current its monthly contributions effective with the February, 2006 contribution, by making payment of its February, 2006 contribution on or prior to March 15, 2006. Each regular monthly payment thereafter shall be mailed so as to reach the NEBF's local collection agent on or prior to the 15th of the month following the month in which the work was performed. Upper Cape will remain current in making its NEBF contributions as required by its collective bargaining agreement and will timely submit all monthly payroll reports and contributions to the NEBF's local collection agent.

5. Plaintiff and Defendant each understand and agree that any modification of payment must be made in writing and agreed to by both Plaintiffs and Defendant.

6. This Agreement for Judgment constitutes the entire agreement by and between the parties hereto with respect to the subject matter hereof. No contemporaneous or prior statement, agreement, or writing shall be of any force and effect with regard to the subject matter of this Agreement for Judgment.

Upon failure of the Defendant to remit any of its monthly Payment Schedule installments in a timely manner as set forth in Paragraphs 1 and 2 of this Agreement for Judgment, or upon failure of the Defendant to timely remit its monthly contribution payments pursuant to the collective bargaining agreement as set forth in Paragraph 4 of this Agreement for Judgment, execution on the entire judgment in the amount of $41,101.63, reduced by any offsets for payments made, shall issue only after ten (10) days written notice to the Defendant that Plaintiff or Plaintiff's attorney declares a default and intends to file a Declaration stating that a default has occurred on the part of the Defendant. Plaintiffs' Declaration shall be deemed duly made if served upon Upper Cape's counsel Michael Burke, Esq. at the address listed below.

This judgment shall cover only the amounts owing as set forth in this stipulated judgment. The judgment does not include any unknown amounts due the Plaintiff for the period of January, 2000 through February, 2004 which may be discovered at a later date, and specifically does not waive the right of the NEBF to audit the employer for all months and to collect any additional monies found due and owing as a result of an audit.

MAR-06-06 P4:12 FROM-SEGAL ROITMAN+COLEMAN ID:6177422187 PAGE 6/8
Case 1:05-cv-10969-NMG   Document 16   Filed 10/13/2006   Page 4 of 4
Case 1:05-cv-10969-NMG   Document 15   Filed 08/18/2006   Page 4 of 6

WHEREFORE, the parties respectfully request that this honorable Court enter an order in accordance with this Agreement for Judgment.

Respectfully submitted,

NATIONAL ELECTRICAL BENEFIT
FUND, by its TRUSTEES, JON F.
WALTERS and D.R. BORDEN, JR.,

By their attorneys,

Gregory A. Geiman, Esquire
BBO #655207
Mary T. Sullivan, Esquire
BBO #487130
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

UPPER CAPE ELECTRICAL, INC.

By its attorney,

Michael M. Burke, Esquire
BBO # 553394
116 Long Pond Road
Suite #9
Plymouth, MA 02360
(508) 830-1119

_/s/ N. Gorton_
United States District Judge

Dated: ~~March~~ Oct. 13, 2006

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Agreement for Judgment has been served by first class mail upon defendant Upper Cape Electrical, Inc. by its attorney Michael Burke at 116 Long Pond Road, Suite #9, Plymouth, MA 02360 this ~~7~~ August day of ~~March~~ 2006.

Gregory A. Geiman, Esquire

GAG/gag/kts
6924 05-080/agrmntjdg.doc

4